**FILED**
**MAY - 7 2010**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGETOWN UNIVERSITY<br>37th and O Streets, N.W.<br>Washington, DC 20057<br><br>       Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS,<br>    Under Secretary of Commerce for<br>    Intellectual Property and Director of the<br>    United States Patent and Trademark Office<br>    Office of General Counsel<br>    United States Patent and Trademark Office<br>    Madison Building East, Rm. 10B20<br>    600 Dulany Street<br>    Alexandria, Virginia 22314<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case: 1:10-cv-00743<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 5/7/2010<br>Description: Admn Agency Review |

## COMPLAINT

Plaintiff Georgetown University ("Georgetown"), for its complaint against the Honorable David Kappos, states as follows:

### NATURE OF THE ACTION

This is an action by the assignee, Georgetown, of United States Patent No. 7,615,355 (hereinafter "the '355 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '355 patent be changed from 391 days to 1,387 days.

1. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

2. Plaintiff Georgetown University is a Congressionally-chartered institution of higher learning, having its principal place of business at 37th & O Streets, N.W., Washington, D.C. 20057.

3. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending the performance of all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

5. Venue is proper in this district court by virtue of 35 U.S.C. § 154(b)(4)(A).

6. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

7. Vassilios Papadopoulos and Thierry Hauet are inventors for U.S. Application No. 10/512,060 (hereinafter "the '060 Application"), which is the national stage of International Application No. PCT/US03/12385, and which issued as the '355 patent entitled Peripheral-Type Benzodiazepine Receptor Expression Level as an Index of Organ Damage and Regeneration, on November 10, 2009. The '355 patent is attached hereto as Exhibit A.

8. Georgetown is the assignee of the '355 patent, as evidenced by the records in the PTO, and is the real party in interest in this case.

9. Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which set forth a "Guarantee of prompt Patent and Trademark Office responses" and a "Guarantee of no more than 3-year application pendency."

10. In calculating the patent term adjustment, the Director is required to take into account PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

11. On June 29, 2009, the PTO issued a Notice of Allowance and a Determination of Patent Term Adjustment Under 35 U.S.C. § 154(b) indicating that the '355 patent would be entitled to 391 days of patent term adjustment. On November 10, 2009, the '355 patent issued with an indication on its face that the patent was entitled to 391 days of patent term adjustment.

12. On January 7, 2010, the U.S. Court of Appeals for the Federal Circuit affirmed a decision by this Court that identified a fundamental error in the manner in which patent term adjustment had previously been calculated by the Director under 35 U.S.C. § 154. *Wyeth v. Kappos*, 591 F.3d 1364, 93 U.S.P.Q.2d 1257 (Fed. Cir. 2010), *aff'g*, *Wyeth v. Dudas*, 580 F. Supp. 2d 138, 88 U.S.P.Q.2d 1538 (D.D.C. 2008).

13. The determination of patent term adjustment for the '355 patent was not made in accordance with *Wyeth*.

14. On May 4, 2010, Georgetown timely filed with the PTO a Request for Recalculation of Patent Term Adjustment in view of *Wyeth* under 35 U.S.C. § 154(b) ("Request

for Recalculation") in accordance with the interim procedures published in the Federal Register at 75 FR 5043 (February 1, 2010). A copy of Georgetown's Request for Recalculation is attached hereto as Exhibit B.

15. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

16. Although Georgetown has filed a Request for Recalculation at the Patent Office, it is filing this action because (a) 35 U.S.C. § 154(b)(4)(A) is controlling with respect to the time within which a judicial challenge to a determination of a patent term adjustment may be filed and (b) the PTO's Federal Register notice at 75 FR 5044 acknowledges: "Patentees are reminded that this is an optional procedure, and that any patentee who wishes to preserve his or her right to review in the United States District Court for the District of Columbia of the USPTO's patent term adjustment determination must ensure that he or she also takes the steps required under 35 U.S.C. 154(b)(3) and (b)(4) and 37 CFR 1.705 in a timely manner."

17. As the '355 patent issued on November 10, 2009, this action against the Director is timely filed within the 180 day period after November 10, 2009, pursuant to 35 U.S.C. § 154(b)(4)(A).

## CLAIM FOR RELIEF

18. The allegations of paragraphs 1-17 are incorporated in this claim for relief as if fully set forth.

19.     The patent term adjustment for the '355 patent, as determined by the Director under 35 U.S.C. § 154(B) and listed on the face of the '355 patent, is 391 days (*see* Exhibit A at 1).

20.     The Director's determination of the patent term adjustment is in error because the PTO did not properly calculate and allow an adjustment for the delay in issuance of the '355 patent beyond three years after the actual filing date of the application for the patent. The correct patent term adjustment for the '355 patent is at least 1,387 days.

21.     35 U.S.C. § 154(b)(1)(A)(i) provides in relevant part that "if the issue of an original patent is delayed due to the failure of the Patent and Trademark Office to provide at least one of the notifications under [35 U.S.C. § 132] or a notice of allowance . . . not later than 14 months after the date on which an application was filed . . . or an international application fulfilled the requirements of [35 U.S.C. § 371] . . . the term of the patent shall be extended 1 day for each day after the end of the [14 month] period . . . until the action . . . is taken."

22.     On October 21, 2004, Georgetown filed in the PTO a Transmittal Letter concerning a filing under 35 U.S.C. § 371 of international application PCT/US03/12385 and paid the national fee therefor. A copy of the international application was not required because the international application had been filed in the U.S. Receiving Office. *See* 37 C.F.R. § 1.495(b)(1). Georgetown had filed a declaration by the inventors in the international application in accordance with PCT Rule 4.17(iv) within the time limits provided for in PCT Rule 26*ter*.1. Therefore, in accordance with 37 C.F.R. § 1.497, a new declaration was not required. There were no amendments to the international application made under article 19 of the Patent Cooperation Treaty, and no translation was required because the international application was

filed in the English language. Therefore, as of October 21, 2004, all of the requirements of 35 U.S.C. § 371 were satisfied in the '060 application.

23.     On November 23, 2005, the PTO issued a Notification of Missing Requirements in the '060 application which required Georgetown to file a new declaration of the inventors. Georgetown filed a new declaration by the inventors in the PTO on December 8, 2005. Subsequently, the PTO determined that the '060 application fulfilled the requirements of 35 U.S.C. § 371 as of December 8, 2005. The PTO determination is in error because the Notification of Missing Requirements was issued in error as Georgetown should not have been required to file a new declaration in the PTO.

24.     The actual date that the '060 application fulfilled the requirements of 35 U.S.C. § 371 is October 21, 2004.

25.     The date established in 35 U.S.C. § 154(b)(1)(A)(i), that is 14 months from the date that the '060 application fulfilled the requirements of 35 U.S.C. § 371, is December 21, 2005.

26.     The date that the PTO first issued one of the notifications specified under 35 U.S.C. § 132 is April 7, 2008.

27.     The period of delay beginning on December 22, 2005, and ending on April 7, 2008 comprises 838 days.

28.     Because of this delay, Georgetown is entitled to an upward adjustment of the term of the '355 patent under 35 U.S.C. § 154(b)(1)(A) in the amount of 838 days ("A Delay").

29.     35 U.S.C. § 154(b)(1)(B) provides in relevant part that "if the issue of an original patent is delayed due to the failure of the United States Patent and Trademark Office to issue a patent within 3 years after the actual filing date of the application in the United States . . . the

term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued."

30. The actual filing date of the '060 application in the United States (i.e., the date that the '060 application fulfilled the requirements of 35 U.S.C. § 371) was October 21, 2004. Three years from this date is October 21, 2007. The '355 patent was issued on November 10, 2009. From and including the day after the day that is three years after the filing date, October 22, 2007, to and including the date the patent was issued, November 10, 2009, it is 751 days.

31. Accordingly, the Plaintiff is entitled to an additional adjustment of the term of the '355 patent under 35 U.S.C. § 154(b)(1)(B) in the amount of 751 days ("B Delay").

32. 35 U.S.C. § 154(b)(2)(A) states that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." The period of A Delay from and including February 9, 2007, to and including April 7, 2008, overlap with the period of B Delay that occurred from, and including October 22, 2007, to and including, November 10, 2009, is 169 days.

33. The total period of PTO delay was 1,420 days, which is the sum of the A Delay (838 days) and the B Delay (751 days) less the period of overlap between the A Delay and B Delay (169 days).

34. The '060 application is not subject to a disclaimer of patent term.

35. 35 U.S.C. § 154(b)(2)(C)(i) states "[t]he period of adjustment of the term of a patent under paragraph (1) shall be reduced by a period equal to the period of time during which the applicant failed to engage in reasonable efforts to conclude prosecution of the application."

36. According to 35 U.S.C. § 154(b)(2)(C)(ii) the applicant failed to engage in reasonable efforts to conclude processing or examination of an application for the period of time in excess of three months taken to respond to an Office Action.

37. An Office Action was mailed on April 7, 2008. The date that is three months after that date is July 7, 2008. Georgetown's response to the Office Action mailed April 7, 2008, was filed on August 7, 2008. The duration of the period beginning on the day after the date that is three months after the mailing of the Office Action (April 8, 2008) and ending on the date that the response was filed (August 7, 2008), inclusive, is 31 days.

38. An Office Action was mailed on November 28, 2008. The date that is three months after that date is February 28, 2009. Georgetown's response to the Office Action mailed November 28, 2008, was filed on March 2, 2009. The duration of the period beginning on the day after the date that is three months after the mailing of the Office Action (March 1, 2009) and ending on the date that the response was filed (March 2, 2009), inclusive, is 2 days.

39. The amount of PTO delay reduced under 35 U.S.C. § 154(b)(2)(C) by the period of applicant delay is 33 days (31 days + 2 days).

40. Accordingly, the correct patent term adjustment for the '355 patent to which Georgetown is entitled under 35 U.S.C. § 154(b)(1) and (2) is at least 1,387 days, which is the total period of PTO delay (838 A Delay days + 751 B Delay days - 169 days of A-B overlap = 1,420 days), less the period deemed under the statute and the regulation to constitute applicant delay (31 days + 2 days = 33 days).

41. In its opinion in *Wyeth v. Dudas*, 591 F.3d 1364, 93 U.S.P.Q.2d 1257 (Fed. Cir. 2010), *aff'g Wyeth v. Dudas*, 580 F.Supp.2d 138, 88 U.S.P.Q.2d 1538 (D.D.C. 2008), the U.S. Court of Appeals for the Federal Circuit affirmed a decision by the U.S. District Court for the

District of Columbia explaining the proper construction and application of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with this Court's and the Federal Circuit's decisions in *Wyeth*, the proper patent term adjustment for the '355 patent is at least 1,387 days, as set forth above.

42. The Director's allowance of only 391 days of patent term adjustment for the '355 patent is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Issue an Order determining that the period of patent term adjustment for the '355 patent term is 1,387 days, and ordering the Director to alter the term of the '355 patent to reflect the 1,387 day patent term adjustment.

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully Submitted,

Dated: May 7, 2010

Martin A. Bruehs (D.C. Bar No. 470550)
Charles R. Bruton
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, VA 22314
Phone: (703) 836-6620
Facsimile: (703)836-2021

John H. Korns (D.C. Bar No. 142745)
Buchanan Ingersoll & Rooney PC
1700 K Street, N.W., Suite 300
Washington, DC 20006-3807
Phone: (202) 452-7939
Facsimile: (202) 452-7989

*Counsel for Georgetown University*